UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In re

JOHN ENGEBREGTSEN and
JENNIFER ENGEBREGTSEN,

Debtors.

Case No. 05-27818-MDM

Chapter 13

_____

MEMORANDUM DECISION ON DEBTORS' OBJECTION TO CLAIM
_____

This matter comes before the court on the debtors' objection to claim no. 4, filed by WFS Financial. The court has jurisdiction under 28 U.S.C. § 1334 and this is a core proceeding under 28 U.S.C. § 157(b)(2)(B). This decision constitutes the court's findings of facts and conclusions of law under Fed. R. Bank. P. 7052.

BACKGROUND

The debtors filed this chapter 13 case on May 9, 2005. WFS Financial, the holder of a lien in the debtors' F-150 pickup truck, filed a proof of claim in the total amount of $21,834.72, delineating $20,475 as the secured portion of the claim and $1,359.72 as the unsecured portion. The debtors opposed the creditor's valuation of the vehicle and filed an objection to allowance of the claim.

In a previous chapter 7 case, in which the debtors obtained a discharge on September 2, 2004, the debt to WFS was not reaffirmed, nor was the collateral redeemed. No action was taken by the creditor to recover the collateral. The proposed chapter 13 plan in this case provided for surrender of the vehicle. The trustee has not recommended confirmation.

Because the debtors intended to surrender the vehicle, insurance had been removed. Nevertheless, while the truck was awaiting to be picked up by the creditor, Mrs. Engebregtsen drove the pickup postpetition. As fate would have it, she was involved in an accident which rendered the vehicle inoperable. Because the claim for towing and storage is beyond the debtors' ability to pay, they have proposed to allow the towing company to retain or auction the vehicle to satisfy its claim.

ARGUMENTS

The creditor argues the value of the vehicle should be established as of the date of the filing of the petition. Pursuant to the NADA Used Car Pricing Guide, the fair market value of the vehicle on May 9, 2005, was $19,250. This appears to be a retail value.

The debtors contend the secured portion of the claim should be equal to the value of the truck in its post-accident condition. The debtors had informed the creditor of their intent to surrender the vehicle and the creditor took its sweet time in retrieving the truck, indirectly contributing to the drastic reduction in value.

DISCUSSION

Section 502(b) states that if a claim is filed by a creditor, and if the debtor objects, the court "shall determine the amount of such claim as of the date of the filing of the petition ...." Since the creditor in this case has filed a combined secured and unsecured claim, the court then proceeds to section 506(a) which states "[a]n allowed claim of a creditor secured by a lien on property ... is a secured claim to the extent of the value of such creditor's interest in the estate's

interest in such property ...." Even if the timing of valuation is set at the date of filing, the standard for valuation is not the same in every case. Section 506(a) also directs that "value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." 11 U.S.C. § 506(a).

In this case, of course, the debtors did not intend to use the property at all, at least according to the plan. They intended to surrender it. Thus, the liquidation value at the time of filing of the petition would be the amount of the claim, not the retail value proposed by the creditor. This has never been determined. The liquidation value would be the maximum amount of the claim because that would be the maximum amount of the secured party's interest, the unsecured portion of the original debt – in fact, all personal liability of the debtors on the debt – having been discharged in the prior chapter 7 case.

Most cases dealing with the timing of valuation do so in the context of cram down upon confirmation of a plan when the debtor intends to retain and use the collateral, which is not the issue in this case. *See, e.g., In re Landing Assocs., Ltd.*, 122 B.R. 288 (Bankr. W.D. Tex. 1990) (since a creditor's interest may grow during the pendency of a case the allowed secured claim must mean the claim allowed as of confirmation); *In re Kennedy*, 177 B.R. 967 (Bankr. S.D. Ala. 1995) (ruling on secured creditor's objection to confirmation of proposed chapter 13 plan, collateral securing claim is valued as of date of confirmation). Some cases have established the date of filing as the date at which collateral should be valued, even if the debtor is using the property, and it is probably depreciating. *See In re Stembridge*, 394 F.3d 383 (5th Cir. 2004), applying *Associates Commercial Corp. v. Rash*, 520 U.S. 953, 117 S. Ct. 1879, 138 L. Ed. 2d

3

148 (1997) (correct valuation standard at cram-down is the replacement value of the collateral as of the petition date, less any preconfirmation adequate protection payments); *In re Longbine*, 256 B.R. 470 (Bankr. S.D. Tex. 2000) (where chapter 13 debtor sought to cram down plan over secured creditor's objection, collateral would be valued as of petition date, given that debtor proposed to use vehicle from that date).

This court is persuaded that the time of filing is the appropriate time to value a claim. The district court in *In re Johnson*, 165 BR 524 (S.D. Ga. 1994), extensively discussed the rationale behind the view that the relevant date for valuation of collateral was the date the bankruptcy petition was filed. Although that case involved proposed retention of the vehicle and cram down of value over the objection of the creditor holding an encumbrance against an automobile, the court still held that the proper date for valuation was the date of the filing of the bankruptcy petition, not the date of the confirmation hearing. The court stated that its decision was based on the policy interests of attempting to accommodate the Bankruptcy Code's goal of financial rehabilitation for the debtor, while at the same time preserving constitutionally protected and bargained-for rights of secured creditors. The petition date best served those objectives because the filing date commencing the case is the point where the secured creditor's rights were first impacted by the bankruptcy proceeding, and the point where the "tension" between adequate protection of the creditor's rights and provision of a meaningful chance of rehabilitation to the debtor begins. *Id.* at 528. The petition date was found to be the logical point at which to determine property interests requiring adequate protection throughout the ensuing bankruptcy case. The *Johnson* court felt this date was particularly significant when the collateral was depreciable personal property since a determination of value as of the confirmation date,

4

Case 05-27818-mdm    Doc 33    Filed 10/19/05    Page 4 of 6

when the collateral may have a value lower than that which existed on the date of the petition raised concerns about violation of the Fifth Amendment's taking provisions. The court also felt that other remedies to a decline in value between the petition and confirmation dates, as, for example, the award of a super-priority expense claim equal to that decline in value, would "unnecessarily complicate" the administration of the bankruptcy case. *Id.* at 528-29.

Had events played out as intended by the Engenbregtsens, the creditor would have filed its secured claim at the liquidation value, the appropriate value for its intended use. The creditor would then have sold the vehicle, which probably would have depreciated some more after the date of filing, and there would have been costs of recovery and sale, and the amount due at filing would be reduced by the net proceeds of sale. Because liquidation would have resulted in payment to the creditor, and the satisfaction of its lien, the creditor would then have had an unsecured claim for the deficiency. This court's allowance of the secured claim at the liquidation value of the collateral at the date of filing is consistent with 11 U.S.C. § 502(b) and with the practice of adjusting claims for payments after filing. The unauthorized use of the collateral by the debtors after filing the plan and proposing its surrender does not change the character of the creditor's claim as of the date of filing. It simply made their own compliance with their proposed plan more difficult, if not impossible, thus making the ordinary course modification of the claim just as difficult or impossible.

CONCLUSION

The debtor's objection to claim no. 4 is sustained in part, consistent with the terms of this decision. The creditor shall have thirty days in which to file an amended secured claim for the

5

Case 05-27818-mdm    Doc 33    Filed 10/19/05    Page 5 of 6

liquidation value of the collateral as of the date of filing. A separate order will be entered accordingly.

October 13, 2005

Margaret Dee. McGarity
U.S. Bankruptcy Judge